

FILED
OCT 0 5 2020
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

In The United States District Court
Northern District of Oklahoma

Anthony Scott
    Plaintiff    )

-vs-                                      No:_____

Mr. Bobby Lumpkin, And The
Texas Dept. of Corrections, et al.,      **20CV-503CVE-FHM**
Dallas County Texas Sheriff, et al.
State of Texas, et al.,                  Seeking 11 Million Dollars And
Unknown, Others, State, et al.    )
    Defendants.                         Jury Trial

Civil Rights, Americans With Disabilities Act,
Wrongful Incarceration Action

    Plaintiff, Anthony Scott, 6260 North Xanthus Place, Tulsa, Okla., 74130, brings this action in THIS Court under the Multi-District Jurisdictional, doctrine, AS HE IS STILL Suffering Continuing damages, pain, suffering, economic losses, harm and injuries, that started in Texas, where because of defendants acts against him, he can not live, therefore is entitled to bring this action in this Court where he lives.

    Defendant One, Texas Department of Corrections, now called Texas Dept. Of Criminal Judstice Located at P.O.B. 99, Huntsville, Texas, 77342 ( Director Bobby Lumpkin )' knowingly, willfully and intentionally, kept plaintiff in prison more that 11 months after his lawful release date, as established by the sentencing Court.

    IN VIOLATION of the T.D.C. Mission statement, The Court order transferring plaintiff's custody from Dallas County Sheriff's custody to serve his sentence of SEGREGATION from Society for a number of years.

    This is also a BIVINS action as UNKNOWN co-defendants will be discovered during the process of litigating this action.

    ALL parties acted under BOTH color of law AND as individuals outside their job duties as individuals.

✓ Mail   ___No Cert Svc   ___No Orig Sign
___C/J   ___C/MJ   ___C/Ret'd   ___No Env
___No Cpy's   ✓ No Env/Cpy's   ___O/J   ___O/MJ

IFP
(1) Summons
HOLD TRAY

Defendant Two, The Sheriff & Sheriffs department of Dallas County, Texas, tat can be served at 1133 North Riverfront Boulevard, Dallas, Texas, 75217.

IN VIOLATION of Federal laws and rights of plaintiff, AND STATE Statute of Texas    , acte under color of law, and outside their job duties as individuals.

ALL defendants and their Agents and Co-Conspirators can be served at the Texas State Capitol Bldg., at 1100 Congress Ave., Austin, Tex. 78701.

BECAUSE of the control of all licensed attorneys in Texas by defendants, their agents, or co-conspirators, plaintiff was forced to leave Texas because NO attorney would take this case for fear of losing their license, essentially making them an extension of the state, a controlled conspiracy AS AN OFFICER of the Court, bound by oath to only do as directed to do by the state.

## Cause of PRIMARY ACTION

Jurisdiction in this Court is proper because of the multi-jurisdictional districts involved, the scattered defendants addresses, AND FACT Texas claims to be an INDEPENDENT Nation, that joined The Union of States and claims a right to leave that Union when-ever it wants, PLACING jurisdiction in this Court.

First cause of action, unlawful imprisonment/incarceration BY defendants of plaintiff in a State prison eleven (11) months after his lawful discharge date.

2nd. Cause of action is defendants CAUSED plaintiff mental damages of Post-Tramatic-Stress-Disorder, Caused him to suffer from Stockholm Syndrome, CAUSING HIM TO PLEAD GUILTY when he should not have.

3rd. Defendants violated BOTY plaintiffs Americans With Disabilities Act, and Civil Rights act , AND violated THEIR CONTRACT STATEHOOD agreements to pass no law not in compliance with FEDERAL LAWS, and 42 U.S.C. )( 1981 that mandates ALL persons in all states have same rights in All other states.

4th. Treatment, and conditions imposed upon plaintiff while in the defendants custody violated his COMMON LAW, and International Law rights on treatment of prisoners, endangering his health and well being, resulting in permanent physical damages from being forced to drink water from the POISONED *prison state-wide water system.*(Lack of proper protection, medical treatment, access to the general public and family, jobs for after release , by unlawful, over restrictive CORPORAL punishments on mail, religion, phone access, ALL a form of ex post facto- punishment enhancements NOT authorized in the sentencing Court order.

Prison rules and regulations are restricted to ensuring only the safety of the facility, not over *reaching to make the Court ordered punishment worse, or to prevent maintaining society contacts for future jobs, family &* etc. PROVEN Mission Statement goals, THAT reduce persons from returning to prison, WHICH defendants did in this case.

## Material FACTS

Fact: Defendants have no immunity, as;

" When a State officer acts under a state law in a manner violative of the Federal Constitution, he/she comes into conflict with the Superior authority OF THAT constitution, sand he/she is in that case STRIPPED of his/her official or representative character and is subject in his/her person to the consequences of his/her individual conduct."

" The state has NO power to impart to him ANY type of immunity from responsibility TO the Supreme Authority OF the United States. WHENEVER a State Judge acts where he/she DOES NOT have jurisdiction to act, they are *warring on the constitution. The Judge is engaged in an act of treason.*"

See:  Scheuer -v- Rhodes, 94 S. Ct. 1683
      U.S. -vs- Will, 101 S. Ct. 471
      Cohens -v- Virginia, 19 U.S. (6 Wheat) 264
      Cooper -v- Aaron, 78 S. Ct. 1401
      Howlett -v- Rose, 496 U.S. At 371
      Khan -v- State, 93 F. 3d. 1358
      U.S. Const. Art. (6), Cl-(2) mandating state Judges are
           *Bound by the laws of the United States.*

Additional Jurisdiction is found under 42 U.S.C. )( 1981/1983/1985, and 18 U.S.C. )( 1512 and 42 U.S.C. )( 12101, and others.

Plaintiff reserves the right to correct, add to or amend this action AFTER discovery has been provided him, and seeks $ 11 million dollars OR whatever A jury will award him through a public trial proceeding.

Lost income for 11 months, mental anguish & suffering ; Pain & Suffering; Continuing Post Traumatic Stress Disorder , warrant COMPENSATORY DAMAGES.

See:  Brief & exhibits FROM defendants own records proving this fact.

Punitive damages SHOULD BE DETERMINED by trial jury in this case, AFTER defendants produce DISCOVERY , and answer complaint., BUT are sought.

See:  Defendants 'evil motive or intent' of reckless or callous indifference to plaintiffs rights.

> Smith -v- Wade, 461 U.S. 30
> Siggers -El -v- Barlow, 433 F. Supp. 2d., 811
> Canell -v- Lightner, 143 F. 3d. 1210/1213
> Robinson -v- Page, 170 F. 3d. 747/748
> Thompson -v- Carter, 284 F. 3d. 411
> Crockroft -v- Kirkland, 548 F. Supp. 2d. 767

BECAUSE this is a continuing wrong case covering many geographical areas, including THIS District where plaintiff is living, THIS IS the proper Court for this action

Although plaintiff seeks $ 11 Million Dollars total, HE BELIEVES A Trial Jury should determine actual amounts .

Because of defendants acts and control over all attorneys in Texas, forcing plaintiff to proceed pro se and pro per, he intends to AMEND the complaint as soon as defendants respond.

The United States Supreme Court has determined defendants have NO Qualified or any other type of immunity defense, as will be proven in a brief from Harvard Law School , when needed.

The prison litigation Reform act does NOT apply to this case, as acts took place when plainytiff was NOT in lawful custody of defendants, AND ARE COINTINUING at this time and on into the future, even though plaintiff is NOT a prisoner.

In good faith, when defendants are served with summons, they will be given an offer to settle

out of court as well, that will be revoked after 60 days if not accepted.

I Verify under penalites of perjury  The Above is True.  *Anthony Scott*

Certification of Mailing : copy mailed each defendant shown on first page, WITH Summons on 10/1/20 .

Respectfully,

*AnthonyScott*

Anthony Scott
6260 North Xanthus Pl.

Tulsa, Okla. 74130

Postmarked 10/1/2012

Anthony Scott
6260 North Xanthus Pl.
Tulsa Okla 74130

U.S. Dist Court Clerk
333 West 4th St.
R. 412
Tulsa, OK. 74103

RECEIVED
OCT 05 2020
Mark C. McCartt, Clerk
U.S. DISTRICT COURT