UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

ANTHONY SCOTT,                       )
                                     )
            Plaintiff,               )
                                     )
v.                                   )   Case No. 20-CV-0503-CVE-FHM
                                     )
BOBBY LUMPKIN, TEXAS                 )
DEPARTMENT OF CORRECTIONS,           )
DALLAS COUNTY TEXAS SHERIFF,         )
STATE OF TEXAS, and UNKNOWN          )
OTHERS,                              )
                                     )
            Defendants.              )

**OPINION AND ORDER**

On October 5, 2020, plaintiff Anthony Scott filed a pro se complaint (Dkt. # 1) and a motion to proceed in forma pauperis (Dkt. # 2). In reliance upon the representations and information set forth in plaintiff's motion for leave to proceed in forma pauperis, the Court finds that the motion should be granted. Plaintiff is permitted to file and maintain this action to conclusion without prepayment of fees and costs. 28 U.S.C. § 1915(a). However, because authorization to proceed in forma pauperis only excuses prepayment of the fee, plaintiff remains obligated to pay the full $400 filing fee when he is able to do so. See Brown v. Eppler, 725 F.3d 1221, 1230-31 (10th Cir. 2013) (noting that obligation to pay full amount of filing fee extends to all litigants who proceed in forma pauperis because "all § 1915(a) does for a litigant is excuse *pre*-payment of fees").

Plaintiff alleges he was previously incarcerated in the state of Texas and he now resides in Oklahoma. Dkt. # 1, at 1. He claims that the Texas Department of Corrections held him in custody 11 months past his release date, and he alleges that this violated his rights under the Americans with Disabilities Act and other unspecified civil rights laws. Id. at 2. Plaintiff also claims that the

conditions of confinement violated United States Constitution and international law concerning the treatment of inmates. Id. at 3. Plaintiff seeks $11 million in compensatory damages, plus punitive damages. He acknowledges that the acts giving rise to this case occurred in Texas, but he claims that this is a proper forum because he is currently residing in Oklahoma and he alleges that he will not receive a fair trial in Texas. Id. at 4.

Under 28 U.S.C. § 1915(a), a federal district may allow a person to commence a civil action without prepayment of costs or fees and, although the statute references "prisoners," the Tenth Circuit has determined that the requirements of § 1915 apply to all persons seeking to proceed in forma pauperis. Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005). Plaintiff is requesting leave to proceed in forma pauperis and the requirements of § 1915 are applicable to this case. Section 1915(e)(2) requires the district court to dismiss a case if at any time the court determines that "the action . . . (i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted . . . ."

Plaintiff's primary allegation is that he was incarcerated for eleven months after his sentence of imprisonment expired, and he claims that he is unable to file the case in Texas because no attorneys would take his case. Dkt. # 1, at 2. He acknowledges that the acts giving rise to his claims occurred in Texas, but he argues that the case was properly filed in this Court under the "Multi-District Jurisdictional" doctrine. Plaintiff could be referring to multi-district litigation, but this has nothing to with the issue of personal jurisdiction over a defendant from another state.[1] Section 1915 does not expressly authorize district courts to dismiss cases filed by pro se litigants for lack of

---

[1] Under 28 U.S.C. § 1407, the purpose of multi-district litigation is to consolidate similar cases for coordinated or consolidated pretrial proceedings.

personal jurisdiction, but the Tenth Circuit has recognized that this is appropriate in limited circumstances in which it is obvious that the plaintiff can allege no set of facts that would support the exercise of personal jurisdiction over the defendants. Trujillo v. Williams, 465 F.3d 1210, 1216-17 (10th Cir. 2006).

"Due process requires that the nonresident defendant's conduct and connection with the forum state are such that the nonresident could reasonably anticipate being haled into court in that state." Conoco, Inc. v. Agrico Chem. Co., 115 P.3d 829, 835 (Okla. 2004) (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)). "The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant 'so long as there exist minimum contacts between the defendant and the forum State.'" Intercon, 205 F.3d at 1247 (quoting World-Wide Volkswagen, 444 U.S. at 291). The existence of such minimum contacts must be shown to support the exercise of either general jurisdiction or specific jurisdiction. Id. "When a plaintiff's cause of action does not arise directly from a defendant's forum related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's business contacts with the forum state." Id. (citing Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 414-16 & n.9 (1984)). Alternately, a court "may, consistent with due process, assert specific jurisdiction over a nonresident defendant 'if the defendant has purposefully directed his activities at the residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities.'" Id. (quoting Burger King Corp., 471 U.S. at 472).

The named defendants are the Texas Department of Corrections, the Dallas County Sheriff, the director of the Texas Department of Corrections, and unknown individual defendants. Plaintiff does not allege that any of these defendants regularly engages in any type of activity or business in

3

Oklahoma, and the Court cannot exercise general personal jurisdiction over these defendants. Plaintiff has also made no allegations that he was located in Oklahoma when any of the events giving rise to his claims occurred or that any of the defendants purposefully directed their actions toward a resident of Oklahoma. Plaintiff alleges that he was incarcerated in the state of Texas and that all of the defendants had some role in continuing his incarceration longer than his lawfully authorized sentence or making his conditions of confinement unreasonably dangerous. Dkt. # 1, at 2-3. Plaintiff appears to be arguing that this Court should exercise personal jurisdiction over the defendants, because he will not receive a fair trial in Texas and no attorney in Texas will take his case. Id. at 2. However, this does not tend to show that defendants have the requisite minimum contacts with Oklahoma that the Due Process Clause will permit the Court to exercise jurisdiction over them. The Court finds that the allegations of the complaint fail to establish any possibility that the Court could exercise personal jurisdiction over any of the defendants, and the case should be dismissed for lack of personal jurisdiction.

The Court has also reviewed the allegations of the complaint and finds that plaintiff has failed to state a claim upon which relief can be granted. Plaintiff alleges that he was kept in custody more than 11 months after his release date, but he makes no specific allegations in support of this claim. For example, he does not allege when he believes he should have been released and when he was actually released, and he has not alleged any facts that would support an inference that he was actually held in custody for a term longer than that authorized by the sentencing court. As to his condition of confinement claims, plaintiff identifies certain actions that he believes violated the Eighth Amendment or international law concerning the treatment of inmates, but he provides no allegations as to which defendants committed these actions or when they occurred. The Tenth

Circuit has made clear that a plaintiff alleging claims under 42 U.S.C. § 1983 must identify "exactly who is alleged to have done what to whom . . . as distinguished from collective allegations" in order to state a claim under the Twombly standard.  Brooks v. Colorado Dep't of Corrections, 762 F. App'x 551, 557 (10th Cir. 2019) (quoting Pahls v. Thomas, 718 F.3d 1210, 1225-26 (10th Cir. 2013)).[2]  Plaintiff's complaint is wholly lacking in this regard and he fails to provide any notice to any defendant of the specific acts that allegedly violated his constitutional rights, and he has failed to state a claim for violation of his constitutional or civil rights.

**IT IS THEREFORE ORDERED** that plaintiff's motion to proceed in forma pauperis (Dkt. # 2) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed** under 28 U.S.C. § 1915 for lack of personal jurisdiction and failure to state a claim upon which relief can be granted. A separate judgment of dismissal is entered herewith.

**DATED** this 9th day of October, 2020.

*[signature: Claire V. Eagan]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[2] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.